**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>RUBEN NIETO-SANCHEZ,<br><br>　　　　　Defendant. | 2:08-cr-0038-RCJ-LRL<br><br>**MOTION TO DISMISS INDICTMENT BASED ON PRIOR UNLAWFUL DEPORTATION (#20)** |

**REPORT & RECOMMENDATION**

The defendant, Ruben Nieto-Sanchez, is under indictment on one count of Unlawful Reentry of a Deported Alien, a violation of 8 U.S.C. § 1326. The matter before the court is Nieto-Sanchez's Motion to Dismiss Indictment Based on Prior Unlawful Deportation (#20), in which he contends that the order mandating his removal from the United States was obtained in violation of his due process rights. Therefore, according to Nieto-Sanchez, it cannot now be used to sustain an element of an illegal reentry offense. The government filed a Response (#23) arguing, among other things, that there could be no due process violation because Nieto-Sanchez was ineligible for relief from removal as a result of a prior aggravated felony conviction.

**THE FACTS**

Based on the exhibits attached to the parties' papers, the court finds the following facts have been established by a preponderance of the evidence. On April 21, 2005, Nieto-Sanchez was charged in an Information in the District Court for Clark County with Grand Larceny, a violation of NRS 205.220 and 205.222. Opp'n (#23-2) at 2. On April 26, 2005, Nieto-Sanchez pleaded guilty to said offenses under a written Guilty Plea Agreement. *Id.* at 3-11. On September 1, 2005, Nieto-Sanchez was adjudged guilty of the offenses and sentenced to a maximum of forty-eight (48) months and a

minimum of nineteen (19) months in the custody of the Nevada Department of Corrections. *Id.* at 12. Nieto-Sanchez's sentence was suspended, and he was placed on probation with conditions for an indeterminate period not to exceed two (2) years. *Id.* at 12-13.

On April 30, 2007, Nieto-Sanchez was served with a Notice to Appear by U.S. Immigration and Customs Enforcement ("ICE") alleging he was removable because of the grand larceny conviction. Exh. A to Mot. (#20). (The Notice improperly classified this conviction as a "crime involving moral turpitude." *Id.* at 4.) The same day, Nieto-Sanchez signed a Stipulated Request for Removal Order and Waiver of Hearing, admitting the allegations in the Notice to Appear; waiving relief from removal; accepting a written order of removal as a final disposition of the proceedings, and waiving his right to appeal the written order; and conceding removal to Mexico. Exh. B to Mot. (#20). On May 1, 2007, without a hearing, Nieto-Sanchez was ordered removed by an Immigration Judge. Exh. C to Mot. (#20). He was removed to Mexico two (2) days later. Exh. D to Mot. (#20).

On February 13, 2008, the government filed the one count Indictment (#1) at issue in the present Motion (#20). The Indictment (#1) rests on the May 3, 2007 deportation. Nieto-Sanchez was detained at his initial appearance and entered a plea of not guilty at his arraignment. Min. (#9); *see also* Order (#12).

**DISCUSSION**

Title 8, United States Code, Section 1326(a) makes it a crime for an alien to enter, attempt to enter, or to be found in the United States without consent of the U.S. Attorney General after being denied admission, excluded, deported, or removed. A defendant may collaterally attack a prior deportation or removal to preclude the government from relying on it in a prosecution under this section. *See United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000) ("In a criminal prosecution under § 1326, the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying deportation. If the defendant's deportation proceedings fail to provide this opportunity, the validity of the deportation may be collaterally attacked in the criminal proceeding.") (citing *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998), *cert.*

*denied*, 525 U.S. 849 (1998)). To succeed in a collateral challenge, the defendant must demonstrate that his due process rights were violated by defects in the underlying deportation proceeding, and that he suffered prejudice as a result of the violation. *Id.*

Nieto-Sanchez challenges his removal on grounds that his due process rights were violated in two ways: (1) he was not told he was eligible for "fast-track" voluntary departure under the Immigration and Nationality Act ("INA") § 240B(a) (codified at 8 U.S.C. § 1229c(a)); and (2) because he never appeared before an Immigration Judge, there is no indication that his appeal rights were ever fully explained to him. Mot. (#20) at 3.

An alien who has an aggravated felony conviction does not qualify for cancellation of removal or voluntary departure. §§ 1229b(a)(3), 1229c(a)(1). The INA includes within the definition of aggravated felony "a theft offense (including receipt of stolen property) . . . for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(a)(43)(G). Congress did not define "theft offense" in enacting the INA; however, the Ninth Circuit has construed the term as "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *United States v. Corona-Sanchez*, 291 F.3d 1201, 1205 (9th Cir. 2002) (internal quotation marks and citation omitted), *overruled on other grounds by United States v. Rodriguez*, 128 S. Ct. 1783, 1787-88 (2008).

The Information under which he was charged, and to which he plead guilty, alleged that Nieto-Sanchez did "wilfully, unlawfully, and feloniously with intent to deprive the owner permanently thereof, steal, take, carry, lead or drive away property owned by [another] . . . ." Opp'n (#23-2) at 2-3. Nieto-Sanchez's larceny conviction therefore amounted to an aggravated felony under the INA, making him ineligible for voluntary departure. As such, no prejudice could have resulted from ICE's purported failure to inform him that he was eligible for "fast-track" voluntary departure under the INA. Nieto-Sanchez likewise was not prejudiced by his removal without a hearing before an Immigration Judge.

. . .

. . .

**RECOMMENDATION**

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that Nieto-Sanchez's Motion to Dismiss Indictment Based on Prior Unlawful Deportation (#20) should be denied.

DATED this 26th day of September, 2008.

_____
**LAWRENCE R. LEAVITT
UNITED STATES MAGISTRATE JUDGE**